[No. 26089-1-II.  Division Two.  July 13, 2001.]

THE CITY OF SEATTLE, ET AL., *Respondents*, v. THE DEPARTMENT OF TRANSPORTATION, *Appellant*.

*Christine O. Gregoire, Attorney General*, and *Deborah L. Cade, Assistant*, for appellant.

*Mark H. Sidran, Seattle City Attorney*, and *Quentin R. Yerxa, Assistant*; *Joel C. Merkel*; *Theodore R. Rogowski*; *Timothy X. Sullivan, University Place City Attorney*, and *Craig A. Nelson, Assistant*; *Dennis R. Colwell* (of *Ingram, Zelasko & Goodwin, L.L.P.*); *Shannon M. Murphy, Centralia City Attorney*; and *Erik K. Wahlquist* (of *Davis Arneil Law Firm*), for respondents.

MORGAN, J. — This is the second appeal in this case.[1] The present issue is whether the Model Toxics Control Act

---

[1] Our opinion in the first appeal is published at 98 Wn. App. 165, 989 P.2d 1164 (1999).

(hereafter the Act) required the trial court to award reasonable attorney fees to the appellant. We hold that it did.

Codified as chapter 70.105D RCW, the Act establishes liability for the costs of cleaning up a hazardous waste site, technically called a "facility."[2] It provides, subject to exceptions not pertinent here, that

[T]he following persons are liable with respect to a facility:

(a) The owner or operator of the facility;

(b) Any person who owned or operated the facility at the time of disposal or release of the hazardous substances;

(c) Any person who owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the facility, or arranged with a transporter for transport for disposal or treatment of the hazardous substances at the facility, or otherwise generated hazardous wastes disposed of or treated at the facility;

(d) Any person (i) who accepts or accepted any hazardous substance for transport to a disposal, treatment, or other facility selected by such person from which there is a release or a threatened release for which remedial action is required, unless such facility, at the time of disposal or treatment, could legally receive such substance; or (ii) who accepts a hazardous substance for transport to such a facility and has reasonable grounds to believe that such facility is not operated in accordance with chapter 70.105 RCW; and

(e) Any person who both sells a hazardous substance and is responsible for written instructions for its use if (i) the substance is used according to the instructions and (ii) the use constitutes a release for which remedial action is required at the facility.

RCW 70.105D.040(1). It provides that each such person "is strictly liable, jointly and severally, for all remedial action costs."[3] Insofar as pertinent here, it defines a "remedial action" as

---

[2] *See* RCW 70.105D.010(5), .040. "Facility" is defined in RCW 70.105D.020(4).

[3] RCW 70.105D.040(2).

any action or expenditure . . . to identify, eliminate, or minimize any threat or potential threat posed by hazardous substances to human health or the environment . . . .[4]

Additionally, the Act also gives defendants a mechanism for balancing among themselves the effects of joint and several liability. It provides that one liable person "may bring a private right of action" for contribution "against any other person liable . . . for the recovery of remedial action costs,"[5] and that "[t]he prevailing party in such an action shall recover its reasonable attorneys' fees and costs."[6]

In the 1980s, the seven plaintiff utilities were required to clean up a hazardous waste site in Kitsap County. In 1995, they sued the Washington State Department of Transportation (WSDOT) for contribution under the Act. In 1998, they obtained judgment from the trial court, and WSDOT appealed to this court. We concluded in that first appeal "that there is liability under the Act" because WSDOT had been an "arranger" within the meaning of RCW 70.105D.040(1)(c).[7] We also concluded that the utilities were not entitled to contribution for "remedial action" costs because they lacked evidence sufficient to support a finding that a "hazardous substance" for which WSDOT was legally responsible had "pose[d] a threat or potential threat . . . to human health or the environment" within the meaning of RCW 70.105D.020(21). Because of our second conclusion, we reversed and "remanded for entry of summary judgment in favor of WSDOT."[8]

When the matter was back in the trial court, WSDOT obtained summary judgment and moved for an award of reasonable attorney fees under RCW 70.105D.080. The utilities responded that they had prevailed on "liability,"

---

[4] RCW 70.105D.020(21).

[5] RCW 70.105D.080.

[6] RCW 70.105D.080.

[7] *City of Seattle v. Dep't of Transp.*, 98 Wn. App. 165, 170, 174, 989 P.2d 1164 (1999).

[8] *City of Seattle*, 98 Wn. App. at 178.

and thus that neither party had prevailed more than the other. Agreeing with the utilities, the trial court declined to award fees.

WSDOT now brings this second appeal. The only question is whether the trial court was required to award fees. Answering yes, WSDOT contends that the utilities brought a single claim that had several essential elements; that the plaintiff failed to establish all those elements; and thus that WSDOT was the prevailing party on the claim. Answering no, the utilities contend that they "prevailed on the liability issue, while WSDOT prevailed on the damages issue"; and that "if both parties prevail on major issues, an attorney fee award is not appropriate."[9]

█ Although the structure of the Act is illogical and confusing, we think that the utilities brought a single claim under RCW 70.105D.080. In that claim, they sought contribution to the "remedial action costs" that they had been required to pay. To prove that claim, they had to prove, among other things, that they had "identif[ied], eliminate[d] or minimize[d] any threat or potential threat posed by hazardous substances to human health or the environment" within the meaning of RCW 70.105D.020(21). When they failed to so prove, WSDOT prevailed on their claim, and WSDOT became entitled to reasonable attorney fees under RCW 70.105D.080.

The order denying fees is reversed, and the case is remanded to the trial court. On remand, the trial court shall award WSDOT its attorney fees reasonably incurred in the trial court and in both appeals to this court.

SEINFELD and HOUGHTON, JJ., concur.

---

[9] Br. of Resp't at 3.